### LEE *vs.* THE STATE OF GEORGIA.

In a criminal case, the *corpus delicti* should be established beyond a reasonable doubt, or a conviction should not be had. In this case, the evidence was not sufficient to show that the child, for whose murder the defendant was indicted, came to its death at the defendant's hands.

April 20, 1886.

Criminal Law. Verdict. Before Judge WILLIS. Marion Superior Court. October Term, 1885.

Reported in the decision.

J. S. McCORKLE; MILLER & BUTT; WILLIS & MATHEWS, for plaintiff in error.

CLIFFORD ANDERSON, attorney general, by J. H. LUMPKIN; THOS. W. GRIMES, solicitor general, by J. M. McNEILL, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted, tried and convicted of murdering her child, by the superior court of Marion county. The accused moved the court for a new trial on several grounds, which the court overruled, and she excepted and assigns error thereon.

1. There is a total failure in the evidence to establish the *corpus delicti*.

This must be established beyond a reasonable doubt. The evidence shows that Mary Lee had been delivered of a child. The child was found some three hundred yards from her house under a buggy; it was alive and in a healthy condition; it was examined when returned to the mother, and the physician testified that it was well and all right; it was delivered to the mother in this condition; next morning it was dead. The physician testified that there were no marks of violence upon it; he did not know whether it

died from exposure or had been smothered. It might have died from natural causes.

Clearly from this evidence, no conclusion could be drawn that the child had been murdered; it raised a bare suspicion that such was the case; certainly not enough to authorize the jury to find that this was so; to have so authorized, the evidence should have been so strong and conclusive as to exclude every reasonable doubt that the child was murdered.

2. The evidence is not sufficient to show that the child came to its death at the hands of the mother. The fact is, the whole case rests upon suspicion, and a conviction ought not to be allowed to stand on such a slender foundation.

Judgment reversed.